UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN D. MOORE,

       Plaintiff,

v.                                                           CIV 10-0539 BB/KBM

JOE WILLIAMS, et al.,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING INITIAL INMATE MOTIONS

This *pro se* prisoner civil rights matter is before the Court *sua sponte*. In response to my order granting *in forma pauperis* and requiring partial payment, Plaintiff filed financial certificates and paid the entire filing fee. *See Docs. 6, 11-13.* He has also filed motions seeking appointment of counsel, a temporary restraining order, and other relief. *See Docs. 3, 7, 8, 10.* I recommend that all but one of his motions be denied, that one defendant be dismissed, and that the Clerk issue waiver of service forms and copies of the Complaint, as amended, to the remaining defendants.

Plaintiff's Complaint names six individual defendants, but his allegations raise actionable claims against only five of them. Much of Plaintiff's Complaint is wholly conclusory and vague but the sections where he recites specific accusations focus principally on his contentious

relationship with two correctional officers – Defendant Jason Garcia and Defendant Sergeant Bell.  He seeks one million dollars in damages.  *See Doc. 1.*

Plaintiff's first claim asserts that, due to an earlier "misunderstanding" with Defendants Garcia and Bell,  Defendant Garcia began a campaign of "harassment" starting in February 2010.  Plaintiff contends that the harassment consists of Defendant Garcia:  making verbal threats to kill and to "write up" Plaintiff; entering incident or disciplinary reports based on false accusations; initiating physical altercations with Plaintiff; tossing the contents of Plaintiff's cell; denying Plaintiff privileges; and labeling Plaintiff a snitch.  Plaintiff asserts that, after one physical altercation where he admittedly kicked at Defendant Garcia, Defendant Sergeant Bell and Defendant Officer Mora engaged in excessive force in escorting Plaintiff to the medical unit.[1]

In his second claim, Plaintiff asserts that Defendant "Unit Manager" Gatti, *id.* at 3, and a grievance officer who is not named as defendant, are not processing his grievances.[2]  Plaintiff also asserts that, on one occasion when Defendant Lieutenant Joe Pacheco was escorting him to see Defendant Gatti about a grievance, Defendant Pacheco advised Plaintiff to "not file informal complaints [because] Plaintiff's situation could really worsen."  *Id.* at 6.  Plaintiff interpreted this comment as threat that the harassment would continue and his life would be in danger.  *Id.*

Plaintiff's third claim is for the most part conclusory, but reiterates his contention that Defendant Garcia has "written up [Plaintiff] without reason," *id.* at 9, and that Defendant Pacheco "conspired" to cause Plaintiff to lose privileges and good time credits by not

---

[1]  The Complaint is not arranged in logical order.  The allegations for the first claim begin on CM/ECF page 7, and then continue on pages 4 and 5.

[2]  The allegations for the second claim begin on CM/ECF page 7, and then continue on page 6.

investigating Plaintiff's complaints, *id.* at 8.[3]

Plaintiff seeks to hold Defendant Joe Williams, the "Secretary of Corrections," liable solely because he "was the superior/supervisor of Defendants when they made violations." *Doc. 1* at 1 (certain spelling and words added for clarity).  However, a prison official cannot be held liable under 42 U.S.C. § 1983 based on supervisory capacity alone.  Since there is no allegation that Defendant Williams personally participated in the events as issue, he should be dismissed.  *E.g., Poolaw v. Marcantel,* 565 F.3d 721, 732-33 (10th Cir. 2009); *Serna v. Colorado Dep't. of Corr.,* 455 F.3d 1146, 1151 (10th Cir. 2006).

Plaintiff's motion for a restraining order is generally conclusory and vague, and asserts that the harassment continues daily.  *See Doc. 7.*  He specifically asserts that he is being deprived of access to "legal materials," by which he means a case worker would not grant his requests for "legal, phone calls; complaint, grievances."  *Id.* at 2.   However, in his next motion filed just a few days later,  Plaintiff requests "to submit evidence" and tenders copies of the grievances he stated he was being denied.  *See Doc. 8.*  In a repeat sequence of events, Plaintiff's motion in which he asserts his efforts to gather the necessary financial information and payment were "refused," *see Doc. 10,* was immediately followed by financial certificates and payment of the filing fee in full, *see Docs. 11-13.*

I will construe Plaintiff's motion concerning the grievances as a motion to amend and grant it.  Thus, the copies of the grievances will be considered as attachments to the Complaint. However, his other two motions are plainly without merit as moot because Plaintiff has filed the very things he alleged were being withheld.

---

[3]  The allegations for the third claim begin on CM/ECF page 9 and continue on page 8.

As for his motion for appointment of counsel, it too will be denied. The Sixth Amendment does not guarantee right to counsel in civil cases and, thus, there is no automatic right to counsel in prisoner civil rights cases under § 1983. *E.g., Parker v. Bruce,* 109 Fed. App'x 317, 321 (10th Cir. 2004) (citing *Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998), *Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995), *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987), *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988); and *Bishop v. Romer,* 1999 WL 46688 at * 3 (10th Cir.), *cert. denied,* 527 U.S. 1008 (1999)).

Notwithstanding Plaintiff's payment of the filing fee in full, I will credit his assertion that he is "unable to afford counsel." *See Doc. 3* at 1. In considering whether to appoint counsel for an indigent plaintiff who is proceeding under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

As outlined above, the issues are few and straightforward. Plaintiff has shown himself capable of making his positions known to the Court. Furthermore, this case is in the very early stage of litigation. Accordingly, I recommend that the motion for appointment of counsel be denied without prejudice to Plaintiff's right to renew the request at a later date.

Wherefore,

**IT IS HEREBY RECOMMENDED AS FOLLOWS:**

1.  Plaintiff's motion to submit "evidence" *(Doc. 8)* be construed as a motion to amend and granted, and that the completed grievance forms included in Document 8 be considered attachments to the Complaint;

2. Plaintiff's motion for appointment of counsel *(Doc. 3)* be denied WITHOUT PREJUDICE;

3. Plaintiff's other motions *(Docs. 7, 10)* be denied as moot;

4. Defendant Williams be dismissed; and

5. In the event these recommendations are adopted, the Clerk issue waiver of service forms and copies of the Complaint, as amended, to the remaining defendants.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE