UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

SHAWN D. MOORE

       Plaintiff,

v.                                                         CIV 10-0539 BB/KBM

SERGEANT AARON BELL,
MICHAEL GATTI,
LIEUTENANT JOE PACHECO,
CORRECTIONAL OFFICER JASON GARCIA,
CORRECTIONAL OFFICER FNU MORA,

       Defendants.

## ORDER REGARDING SERVICE, CAPTION, & TO FILE A *MARTINEZ* REPORT

      This *pro se* prisoner civil rights matter is before the Court on the answer of four of the five remaining defendants, who are all represented by the same attorney. Plaintiff was unable to supply the first names for Defendants Bell, Gatti, or Mora, so the current docket identifies them as "FNU." Counsel's entry of appearance and the answer does not mention the first name for Defendants Bell and Gatti, but their waiver of service forms do contain that information. *See Docs. 19, 21, 22, 23.* As such, I ask that the Clerk correct the caption to reflect that their first names are "Aaron" and "Michael," respectively. Because Defendant "FNU" Mora remains to be served, I will also ask the Clerk to issue a waiver of service form, copy of the Complaint, and the documents attached to Docs. 8 and 14, to him at the New Mexico Penitentiary in Santa Fe, New

Mexico.[1]

Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants in cases like this to investigate the incidents underlying Plaintiff's lawsuit and submit a report of their investigation, in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Even though Defendant Mora has not yet been served, Plaintiff makes the same allegation against him as he does for Defendant Bell,[2] and it is likely Defendant Mora will be represented by the same attorney who represents the other officers. In light of the service yet to

---

[1] This Court may take judicial notice of its own records. *See, e.g., New Mexico ex rel. Richardson v. Bureau of Land Management,* 575 F.3d 683, 703 n. 21. I note the similarity between the allegations made in the present case and in *Luna v. Lindsey,* CIV 09-0353 MCA/CEG where the plaintiff is represented by Attorney Todd Coberly. Both involve plaintiffs who are incarcerated at the New Mexico Penitentiary in Santa Fe, and both allege excessive use of use force by correctional officers in the medical unit area of the prison by Sergeant Aaron Bell and a Correctional Officer with the last name of Mora. In the *Luna* case, Correctional Officer Mora's first name is identified as "Oswaldo." However, in this case for the present, the Clerk should use "FNU Mora" as the designation for this defendant.

[2] *See Doc. 1* at 5 ("Defendant Garcia jumped on my head several times with his knee on my head and neck area saying 'I'll fuckin' kill you mother fucker.' Sergeant Bell then came to the scene. I was taken to medical. While on my way to medical, Sergeant Bell would slam me face-first into a door, hurting [Plaintiff] as much as possible without causing a scene. There were other officers Plaintiff didn't recognize. When in medical, Officer Mora and Sergeant Bell would take turns pulling Plaintiff's arm behind his back almost breaking [it], while they also took turns placing their knee on Plaintiff's head, taking turns jumping up and down and Plaintiff was pleading [for them] to STOP. They would laugh and just make comments of [illegible] to the Plaintiff.") (grammar, spelling, and punctuation also supplied for clarity).

be made, however, I will set a schedule with more than ample time to accomplish service and complete briefing.

I also note that Defendants' answer, among other things, asserts that Plaintiff's complaint is rambling yet vague, conclusory, and devoid of sufficient factual allegations to affirmatively link the defendants to an alleged injury. *See Doc. 23* at 2, 4, 5. It is true that the Complaint is not easy to decipher, but in preparing the *Martinez* Report, counsel should consider this Court's synopsis of the claims as well as the Complaint itself. *See Docs. 1, 15.*

1. Defendants' comprehensive *Martinez* Report shall address all of Plaintiff's allegations and should include, but is not limited to: whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;

2. If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report, arranged in a logical order and Bates-stamped or otherwise be clearly serially marked;

3. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

4. The submission of documents alone shall not be considered in compliance with this Order. Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

5. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff. Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below. The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling if they chose this alternative;

6.  Given the detail required above, the Court will give ample time for the Defendants to accomplish this task. Defendants shall file and serve their *Martinez* Report no later than Friday, November 12, 2010;

7.  Plaintiff shall file and serve his response to the *Martinez* Report no later than Friday, December 3, 2010; and

8.  Defendants shall file and serve their reply, if any, no later than Friday, December 10, 2010.

> **THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte;* as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.  *See Hall,* 935 F.2d 1106.**

_____
UNITED STATES MAGISTRATE JUDGE