UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

SHAWN D. MOORE

      Plaintiff,

v.                                          CIV 10-0539 BB/KBM

SERGEANT AARON BELL,
MICHAEL GATTI,
LIEUTENANT JOE PACHECO,
CORRECTIONAL OFFICER JASON GARCIA,
CORRECTIONAL OFFICER FNU MORA,

      Defendants.

# ORDER REGARDING *PRO SE* MOTIONS

THIS MATTER is before the Court on Plaintiff's motions for appointment of counsel and for an order regarding evidence he has submitted. *See Docs. 25, 26.* This is Plaintiff's second motion for appointment of counsel. His first one was denied this Summer. *See Doc. 15* at 4; *Doc. 17* at 2.

Among other things, my last order set a briefing schedule for a *Martinez* Report. Given when Plaintiff's motions were filed, it is possible they were prepared and forwarded before he received the Court's *Martinez* Report order. *See Docs. 24-26.* For example, as grounds for appointment of counsel Plaintiff mentions that an attorney would be better suited to present trial testimony and cross-examine witnesses, and that prison officials have not given him copies of evidence used in disciplinary proceedings. *See Doc. 25* at 1-2. However, this matter is not yet

ready for trial and, as explained, the *Martinez* Report procedure is used to determine whether there are meritorious claims that should go forward.  Defendants have been ordered to supply relevant documentation with their *Martinez* Report.  *See Doc. 24.*

The Sixth Amendment does not guarantee right to counsel in civil cases and, thus, there is no automatic right to counsel in prisoner civil rights cases under § 1983.  *E.g., Parker v. Bruce,* 109 Fed. App'x 317, 321 (10th Cir. 2004) (citing *Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998); *Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995); *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988); and *Bishop v. Romer,* 1999 WL 46688 at * 3 (10th Cir.), *cert. denied,* 527 U.S. 1008 (1999)).  In considering whether to appoint counsel for an indigent plaintiff who is proceeding under 28 U.S.C. § 1915(d), *see Doc. 6,* the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

Plaintiff characterizes the case as "complex," I believe in part, because of he reads at an elementary level, and the fact that he is receiving help from other inmates.  *See Doc. 25* at 1.  However, I have summarized the claims in a prior document, and they are few and relatively straightforward.  *See Doc. 15* at 1-3.  Moreover, Plaintiff's motion regarding "evidence" asks the Court to consider the documents that he submitted earlier, along with the ninety pages of exhibits he submitted as exhibits to the present motions.  *See Doc. 26* at 1-2 (citing prior submissions); *Docs. 25* at 3-4 (2 pages of the motion that are exhibits); *Doc. 26-1* (23 pages); *Doc. 26-2* (29 pages); *Doc. 26-3* (18 pages); *Doc. 26-4* (18 pages).  The Court will certainly take

all of this evidence into consideration along with anything submitted in the *Martinez* Report briefing.  Under these circumstances and until the Court makes the initial *Martinez* Report determination, I find appointment of counsel is not warranted.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion regarding evidence *(Doc. 26)* is granted and his second motion for appointment of counsel *(Doc. 25)* is again denied without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE