UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

SHAWN D. MOORE

      Plaintiff,

v.                                                              CIV 10-0539 BB/KBM

SERGEANT AARON BELL,
MICHAEL GATTI,
LIEUTENANT JOE PACHECO,
CORRECTIONAL OFFICER JASON GARCIA,
CORRECTIONAL OFFICER FNU MORA,

      Defendants.

# ORDER REQUIRING FURTHER BRIEFING

      THIS MATTER is before the Court *sua sponte* upon a review of the record in light of the upcoming deadlines in the *Martinez* Report briefing schedule. *See Doc. 24.*

      Among other things, Defendants contend that Plaintiff started the prison grievance process, but did not complete it. *See Doc. 29* at 8-9. Plaintiff contends that prison officials have made it impossible for him to fully exhaust. *See Doc. 31* at 2. He also contends that the materials Defendants submitted with the *Martinez* Report are incomplete or depict the wrong time periods. For example, he asks this Court to order Defendants to submit his "whole" medical record including all photographs, tapes of any recorded statements he made to prison officials, and any prison camera videotape recordings for the dates of all of incidents he cites in his various grievances. *See id.* at 1; *see also Docs. 32-33.*

In two recent filings, Plaintiff has attached lengthy exhibits. *See, e.g., Doc. 26* (eighty-eight pages of exhibits to motion for order regarding evidence, which was granted); *Doc. 31* (two hundred and seventy pages of exhibits to response to *Martinez* Report). In two letters to the Court, Plaintiff is concerned about his legal mail in this case. *See Docs. 28, 34.* It appears Plaintiff is concerned that the Court did not receive his lengthy submissions because the return copy he received does not contain all of the exhibits. Insofar as this case is concerned, I assure Plaintiff that the Court has copies of all of his exhibits.

Plaintiff also observes that some portions of the *Martinez* Report materials have been redacted. *Doc. 31* at 1 (referring to Jaramillo affidavit). However, that is permissible under this Court's order. *See Doc. 24* at 3 ("The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff.").

When I set the *Martinez* Report briefing schedule, I gave Defendants the option of filing a reply and gave them until December 10, 2010 to do so. *See Doc. 24* at 4. In light of the matters noted above, I will ask that Defendants submit a supplemental brief that:

> (1) addresses the factual, legal, and practical merits of Plaintiff's contention that the grievance procedures were/are not "available" to him, *see, e.g., Woodford v. Ngo,* 548 U.S. 81, 101 (2006) ("clear that the PLRA exhaustion requirement is not jurisdictional, and thus allowing a district court to dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies"*); Little v. Jones,* 607 F.3d 1245, 1250 (10th Cir. 2010) ("the PLRA only requires the exhaustion of 'available' administrative remedies [and] district courts are 'obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials' before dismissing a claim for failure to exhaust. . . . Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."); *Thomas*

*v. Parker,* 609 F.3d 1114, 1119 n.2 (10th Cir. 2010) ("In contrast to our recent decision in Little . . . defendants did not make the exhaustion process unavailable to Mr. Thomas by returning his documents unanswered.  Mr. Thomas refused to resubmit the grievances returned by the warden at the formal grievance stage.");

(2) addresses the merits of Plaintiff's contention that the *Martinez* Report should be supplemented with additional materials or, alternatively, submits some or all of the materials Plaintiff mentions; and

(3) replies to the arguments made in Plaintiff's response to the *Martinez* Report or suggested by the exhibits he attached.

Because Plaintiff's response is so voluminous, I will give Defendants ample time to file their supplemental brief.  Plaintiff will also be permitted to file a supplemental response and given ample time to do so.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants file their supplemental brief by Friday, January 14, 2011 and Plaintiff file his supplemental response by Friday, February 4, 2011.

_____
UNITED STATES MAGISTRATE JUDGE